NORTH CAMBRIA FUEL
CO., Plaintiff,

v.

UNITED STATES DEPARTMENT OF
the INTERIOR, Defendant.

Civ. A. No. 89-2001 SSH.

United States District Court,
District of Columbia.

Aug. 7, 1990.

Lawrence G. Grett, Washington, D.C., for plaintiff.

John S. Gregory, U.S. Dept. of Justice, Land and Natural Resources Div., Washington, D.C., for defendant.

MEMORANDUM ORDER

STANLEY S. HARRIS, District Judge.

This matter is before the Court on defendant's motion to dismiss. Upon consideration of the motion, plaintiff's opposition thereto, and the entire record herein, the Court grants defendant's motion.

*Background*

Plaintiff North Cambria Fuel Company conducts surface mining operations in southwestern Pennsylvania and maintains a place of business in Pennsylvania. Between 1974 and 1983, plaintiff mined bituminous coal at the Hall and Talent Mine in southwestern Pennsylvania, a site which had previously been deep mined and surface mined by other companies. As a result of the mining activities conducted before plaintiff began its operations at this site, acid discharges existed as of 1974. Plaintiff completed its mining operations at this site by 1983.

In 1986, the Commonwealth of Pennsylvania Department of Environmental Resources ("Pa. DER") investigated the mine and issued Compliance Orders to plaintiff for treatment of the pre-existing acid discharges. During the pendency of plaintiff's appeal of those orders, plaintiff and Pa. DER reached an agreement for the treatment of the discharges. However, while this treatment system improved the quality of the discharges, it did not bring all of the water discharged into compliance with the applicable effluent standards. As of the date on which plaintiff filed this action, plaintiff and Pa. DER remained in negotiations as to an additional and a secondary treatment system.

Pursuant to the Surface Mining Control and Reclamation Act of 1977 ("SMCRA"), 30 U.S.C. § 1201 *et seq.*, a state may obtain exclusive jurisdiction over surface coal mining operations conducted within its borders upon submission to and approval by the United States Department of the Interior ("DOI") of a proposal indicating its capability to implement and administer the SMCRA provisions within the state. 30 U.S.C. § 1253. The SMCRA provides for

**2**

federal intervention into a state's program in order to effect compliance with the SMCRA, should a state fail to enforce part or the whole of its program. 30 U.S.C. §§ 1254, 1271.

During the Pa. DER's ongoing efforts to bring the quality of the Hall and Talent Mine's discharges up to compliance with the applicable effluent standards, the DOI's Office of Surface Mining Reclamation and Enforcement ("OSMRE") issued to plaintiff a Notice of Violation ("NOV") on May 2, 1989, and a Cessation Order ("CO") on June 8, 1989, requiring plaintiff to begin immediate rectification of its effluent discharge violations. Plaintiff applied to the DOI for review of the OSMRE's issuances. Plaintiff contends that the OSMRE did not have jurisdiction to issue the NOV and the CO, and that there is a substantial likelihood that plaintiff would prevail on the merits at a hearing on the NOV and the CO. The DOI's Administrative Law Judge ("ALJ") held that the OSMRE had jurisdiction to issue the NOV and the CO pursuant to regulations promulgated by the DOI at 30 C.F.R. §§ 842 and 843.

Plaintiff has filed a Petition for Review in the United States District Court for the Western District of Pennsylvania pursuant to 30 U.S.C. § 1276(a)(1) and (2) seeking judicial review of the DOI's ruling. Plaintiff also has filed a Petition for Review with this Court pursuant to 30 U.S.C. § 1276(a)(1) seeking the invalidation of 30 C.F.R. §§ 842 and 843 on the grounds that they confer jurisdiction not vested in defendant by the SMCRA. In a nutshell, plaintiff challenges the application to its operations of 30 C.F.R. §§ 842 and 843 in the District Court for the Western District of Pennsylvania, and challenges the validity of these regulations in this Court. Because plaintiff has not met the requirements necessary to sustain a challenge to the defendant's regulations pursuant to 30 U.S.C. § 1276(a)(1), and because plaintiff asserts no other basis for the Court's jurisdiction, the Court must dismiss plaintiff's action for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1).

*Discussion*

The SMCRA provides for judicial review of the DOI's promulgation of national rules and regulations in the United States District Court for the District of Columbia. 30 U.S.C. § 1276(a)(1). The statute also provides that "[a] petition for review of any action subject to judicial review under this subsection shall be filed in the appropriate Court within sixty days from the date of such action, or after such date if the petition is based solely on grounds arising after the sixtieth day." *Id.*

▮▮▮▮ The sixty-day limitation is jurisdictional, and a petition's untimely filing precludes the Court's exercise of jurisdiction over the petition for review. *Montana v. Clark*, 749 F.2d 740, 743 (D.C.Cir.1984); *In re Surface Mining Regulation Litigation*, 456 F.Supp. 1301, 1307 (D.D.C.1978); *see also Coal Corp. Operating Co. v. Hodel*, 876 F.2d 860, 861 (10th Cir.1989); *Utah Int'l, Inc. v. D.O.I.*, 553 F.Supp. 872, 878 (D.Utah 1982). Furthermore, there is no indication that Congress intended the exception clause to permit late applications for judicial review of agency actions in circumstances other than those unforeseen at the time it enacted this statute. Such exceptional circumstances, which might allow judicial review of the disputed regulations, do not exist in this case.

Congress most recently amended the SMCRA in October 1988, and the DOI most recently amended 30 C.F.R. § 843 on April 28, 1989. Plaintiff filed this action on July 13, 1989, fifteen days after the end of the sixty-day limitation period following the regulation's amendment. However, plaintiff argues that its Petition for Review is timely even though it was filed after the sixty-day review period's expiration because it "is based solely on grounds arising after the sixtieth day." 30 U.S.C. § 1276(a)(1).

Plaintiff argues that since its petition seeks review of regulations with respect to the NOV and the CO which were issued respectively on May 2, 1989, and June 8, 1989, its petition is timely under the exception clause. Not only does plaintiff mistakenly assert that the NOV and the CO were

issued after the expiration of the sixty-day limitation period, but also that they constitute "grounds arising after the sixtieth day." *Id.* The Court finds that plaintiff's reliance on the exception clause is unwarranted for several reasons. First, the NOV and the CO were issued during the sixty-day limitation period, and thus any grievance plaintiff may have had with regards to the regulations could have been filed in a timely manner. Therefore, the OSMRE's directives plainly are not "grounds arising after the sixtieth day." *Id.* Second, even if the OSMRE had issued the NOV and the CO after the end of the sixty-day limitation period, their issuance would not have constituted exceptional circumstances justifying the Court's reliance on the exception clause to assert jurisdiction. Plaintiff apparently attempts to secure relief from the OSMRE's directives in this Court as an alternative to its action in the Western District of Pennsylvania. The SMCRA clearly states that

> [a]ny order or decision issued by [defendant] in a civil penalty proceeding or any other proceeding required to be conducted pursuant to section 554 of Title 5 shall be subject to judicial review ... in the United States District Court for the district in which the surface coal mining operation is located.

30 U.S.C. § 1276(a)(2). Thus, this Court has no jurisdiction over plaintiff's challenge to the defendant's ruling.

For the Court to entertain plaintiff's untimely Petition for Review when it could have been filed in a timely manner would be to act in violation of the statutory time limit. To exercise jurisdiction over plaintiff's petition based on the exception clause would be to misconstrue the legislative intent behind the allowance of late filings, and to leave open the DOI's regulations to future challenges. This would undercut all interested parties' ability to rely on the finality of the defendant's promulgation of rules and regulations.

Because plaintiff cannot satisfy the criteria necessary for sustaining a timely or otherwise valid challenge to defendant's regulations, the Court is statutorily precluded from asserting jurisdiction over plaintiff's petition. Accordingly, it hereby is

ORDERED, that defendant's motion to dismiss is granted.

SO ORDERED.